UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY PAUL AMBEAU,

                Plaintiff,

v.                                         Case No. 19-cv-1616-pp

BROOKE KLEMANN, JENNIFER HOMALSK,
AARON SABLE, LANCE WIERSMA,
KEVIN A. CARR and TONY EVERS,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 11) AND DENYING PLAINTIFF'S REQUEST FOR RELIEF FROM JUDGMENT (DKT. NO. 12)**

        Timothy Paul Ambeau, who is confined at the Brown County Jail and who is representing himself, filed a complaint under 42 U.S.C. §1983. Dkt. No. 1. On January 13, 2020, the court screened the complaint under 28 U.S.C. §1915A and dismissed the case for failure to state a claim. Dkt. No. 9. The plaintiff then filed a motion to amend the complaint. Dkt. No. 12. He also filed a statement in support of his motion, which the court construes as a request for relief from judgment. Dkt. No. 13. The court will deny both requests.

        In his motion to amend, the plaintiff simply requests that he be allowed to amend the complaint. Dkt. No. 11. In his supporting statement/request for relief, the plaintiff states that he would like to provide the court with his claim, which is that his probation agent, defendant Klemann, "did prevent me from finding housing by placing me in custody having me incarcerated [sic]." Dkt.

No. 12 at 1. He also states that the Wisconsin Department of Corrections Division of Community Corrections mission statement states, "provide, protect, promote, and partner" and that Klemann failed to assist him. Id. The plaintiff requests that Klemann "be held accountable for her actions for failing to uphold her responsibility to the client[.]" Id. at 2. He seeks $75,000 from Klemann and the other defendants for Klemann's negligence. Id.

"Once final judgment has been entered in a case, 'the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment.'" Childress v. Walker, 787 F.3d 433, 442 (7th Cir. 2015) (quoting Foster v. deLuca, 545 F.3d 582, 584 (7th Cir. 2008)). Because the court construed the plaintiff's supporting statement as request for relief from judgment, the court will consider that request under Federal Rule of Civil Procedure 59(e).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's ruling constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the

2

Case 2:19-cv-01616-PP    Filed 06/01/20    Page 2 of 6    Document 13

'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In his original complaint, the plaintiff alleged that on November 12, 2018, he was released from confinement and admitted to the St. John the Evangelist Homeless Shelter in Green Bay, Wisconsin. Dkt. No. 1 at 4. He says that this is a "regional shelter," meaning that it is open during the winter, from about November 1 through May 30. Id. The plaintiff alleges that on April 5, 2019, he told his probation agent, defendant Brooke Klemann, that he was homeless. Id. She allegedly told him that she could not help him at that time, and she informed him of his next office appointment. Id.

The plaintiff states that after speaking with Agent Klemann, he called his brother who lives in Milwaukee. Id. On April 6, 2019, the plaintiff's brother allegedly gave him money for a bus ticket, and he took a bus to Milwaukee. Id. The plaintiff states that he informed Klemann that he was in Milwaukee and asked her to "transfer [his] probation" to Milwaukee. Id.

The plaintiff alleges that while in Milwaukee he contacted someone in probation and parole at the Division of Community Corrections and informed them that Klemann was his agent. Id. He says that he provided Klemann with an address where he would be living so that the residence could be assessed for the probation transfer. Id. at 5. The plaintiff alleges that he had a new agent in Milwaukee. Id. He states that in May 2019 someone came to assess the

residence, but that his housing was denied. Id. The plaintiff says that this left him homeless and he lost everything he owned. Id.

The plaintiff alleges that he contacted Klemann and told her that he was homeless in Milwaukee. Id. She allegedly said that "there was no way she could help" and she advised him to return to Green Bay. Id. The plaintiff states that he told Klemann that the closest he could get was Manitowoc, and then he lost contact with Klemann because someone stole his phone. Id. The plaintiff says that he had to search "day by day" to find shelter due to lack of family support and poor conditions. Id.

The plaintiff states that his situation is the same as anyone leaving jail, being released to the Division of Community Corrections with an agent to accompany him re-entering the community. Id. a 6. He says that once the court ordered probation, he became a client of Klemann, whose job was to aid him in a safe and successful completion of the ordered probation. Id. The plaintiff points to the Division of Community Corrections' mission statement, which includes the words "provide protect promote and partner." Id. The plaintiff says that Klemann disregarded the mission statement. Id.

The plaintiff alleges that an agent is deliberately indifferent to adverse conditions when she is subjectively aware of the condition or danger complained of by the client but consciously disregards the complaint. Id. at 7. He also states that "cruel and unusual punishment was inflicted when the agent was deliberate and indifferent to the medical needs of the client." Id.

4

Case 2:19-cv-01616-PP    Filed 06/01/20    Page 4 of 6    Document 13

At screening, the court determined that the plaintiff did not state a claim against Klemann:

> In this case, the plaintiff alleges that Klemann violated his constitutional rights, presumably by not helping him find somewhere to live. When the plaintiff told Klemann that he was homeless, she told him she could not help him at that time, and she advised him of his next office visit appointment. The next day the plaintiff moved to Milwaukee. He moved into a residence and obtained a Milwaukee-based agent. After the plaintiff's housing in Milwaukee was denied and he became homeless, he contacted Klemann who recommended that he return to Green Bay. Soon after, he lost contact with Klemann because his cell phone was stolen.
>
> While the plaintiff was incarcerated, he had a constitutional right to be protected from conditions of confinement that denied his "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). But the plaintiff was not confined when the events he described in the complaint occurred. The plaintiff does not allege that Agent Klemann prevented him from finding housing. He does not even allege that Klemann was required to find housing for him. He does not allege that Klemann knew that he was at risk of serious harm but ignored that risk. He alleges only that he expected Klemann to help him find housing, but that she didn't. A state actor's failure to provide someone with assistance does not violate the Constitution. Nor does the plaintiff's claim that Klemann violated the DCC's mission statement violate the Constitution. Finally, as to defendants Homalsk, Sable, Wiersma, Carr and Evers, the plaintiff says only that he complained to these people. He makes no allegations that they did anything to violate his constitutional rights.

Dkt. No. 9 at 6-7.

In his supporting statement/request for relief, the plaintiff states that Klemann "*did prevent* me from finding housing by placing me in custody having me incarcerated [sic]." Dkt. No. 12 at 1 (emphasis added). The plaintiff's assertion does not change the court's determination that the plaintiff has not stated a claim, when considered along with the plaintiff's allegations that he moved from Green Bay to Milwaukee, had a new agent in Milwaukee, became

5

homeless, did not follow Klemann's recommendation to return to Green Bay and lost contact with Klemann when his cell phone was stolen. The plaintiff reiterates that Klemann's actions violated the Division of Community Corrections' mission statement, but an agency's violation of its own mission statement is not the same thing as violating the Constitution, and this court may grant relief only for violations of the United States Constitution. The plaintiff has not shown that the court erred in dismissing this case for failure to state a claim. Though it is true that when a complaint fails to state a claim, the court often provides a plaintiff with an opportunity to file an amended complaint, it need not do so when any amendment would be futile, as it would be in this case. See Childress, 787 F.3d at 441 (quoting Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010)).

The court **DENIES** the plaintiff's motion to amend complaint. Dkt. No. 11.

The court **DENIES** the plaintiff's request for relief. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**